BROCKENBROUGH, J.,
delivered the opinion of the Court:
The question, whether an accomplice in a crime be a competent witness, has frequently arisen on the Circuits, but has never been brought before this Court until now. The rule of evidence, as laid down by Lawrence, J., in the Case of Jordaine v. Lash-brooke is, that “all persons are admissible witnesses, who have the use of their reason, and spch religious belief as to feel the obligation of an oath, who have not .been convicted of any infamous crime, and are not influenced by interest;” and the exception must be extended also to all" those who are disqualified by some Law "taking its rise from a motive of public policy.
It is not enough that a person may have committed an infamous crime, and thát he may have confessed it; he must have been convicted of it, to render him incompetent. The credit of such witness may be of little avail in the estimation of a jury, who are the exclusive judges of it, but the rules of Law do not require that the Court should exclude him from giving his testimony. •
This rule decides the question, that' a' par-ticeps in the very crime with which the *324 prisoner is charged, is competent to prove the guilt of the prisoner, and the position is amply supported by the most respectable and weighty authorities.
' Hale informs us, that at New-Gate, IS Charles 2, Henry Trew was indicted of bur- “ gíary and by advice of Keeling, Chief Justice, Brown, Justice, and Wilde, Recorder, one Perrin, who was in Jail for two robberies, and confessed himself to be in this burglary, was sworn as a witness against Trew.
In ¿662, Tonge, Philips, and others, were indicted for treason, and upon conference with all the Judges, it was *inter alia resolved, that a party to the treason who confessed it, may be one of the witnesses in case of treason, for the Statute intended two such witnesses that were allowable witnesses .at Common Haw, and so a particeps criminis may be admitted as a witness, but the jury may, as in other cases, consider of the evidence, and credit of the witnesses.
In 1672, Mary Price was convicted of treason, and Hyde of highway robbery, on the evidence of accomplices. 1 Hale’s H. P. C. 303.
See, also, Hawkins, B. 2, ch. 46, ü 18, who says, that 1 ‘it has been long settled, that it is no exception against a witness that he hath ..confessed himself guilty of the same crime, if he have not been indicted for it, for if no accomplices were to be admitted as witnesses, it would be generally impossible to find evidence to convict the greatest offenders. Also, it hath been often ruled that accomplices who are indicted,. are good witnesses for the King, until they be convicted.” In support of these positions, Hawkins refers to many ancient authorities, which we have had no opportunity of examining.
Modern Cases are still more decisive. In the Case of Atwood and Robbins, indicted for robbery, (1 Leach, 464,) Judge Buller referred to the twelve Judges, the question whether the evidence of an accomplice, unconfirmed by any other evidence that could materially affect the case, was sufficient to warrant a conviction. ’ They were unanimously of opinion, that an accomplice alone is a competent witness.
The same point was also resolved in Durham and Crowder’s Case, charged with burglary. 1 Leach, 478. And in Jones’s Case, in 1809, Lord Hleiiborough said, that within a few years, a Case was referred to the twelve Judges, where four men were convicted of a burglary, on the evidence of an accomplice, who received no confirmation concerning any of the facts which proved the.criminality of one of the prisoners, but the r Judges'were unanimously of opinion, that ■'■the conviction as to all the four was legal, and on that opinion they all suffered the sentence of the Law. 1 Leach, 466, note (a); 2 Camp. 132.
It has, however, been argued, that the admissibility of an accomplice depends on the ancient doctrine of approvement, and that as approvement was abolished by our Act of Assembly of 1789, the competency of the testimony of ^accomplices fell with it. This idea is in some degree supported by a note of Judge Tucker, in 4 Bl. Com. 331, note 5.
It is a mistake to suppose that the competency of accomplices depends on, or grew out of, the doctrine of approvement. An approver is one who being indicted for treason, or felony, and arraigned, confesses the fact before he pleads, and accuses others, his accomplices, in order to obtain his pardon. His approvement is equivalent to an Indictment, and if he supports it in all respects, and the person accused by him is found guilty, the approver is entitled to his pardon, but if he is acquitted, the ap-prover receives judgment to be hanged, upon his own confession of the Indictment. 4 Bl. Com. 329; Rudd’s Case, 1 Leach, 115. An accomplice, who voluntarily gives his evidence, is not exonerated for punishment, nor entitled to a pardon, if he succeeds in convicting a fellow prisoner, nor is he subjected to punishment in consequence of his failure. In both cases, his acquittal, or his conviction, depends on the evidence to be adduced on his own trial. His competency depends on the ancient principle of the Common Law, before adverted to, that no person is to be excluded from giving evidence on account of infamy, unless he has been convicted of an .infamous crime.
In the Case before the Court, the accomplice was not indicted, but we do not rely on that circumstance. We mean to affirm the principle, that an accomplice, not convicted, is a competent witness, and seeing no error in the judgment of the Court, the Writ of Error is refused.
Note (In edition of 1853). — It may not be improper to state, that this witness, John Suter, was separately indicted, at the same Term, (after the trial of Joseph Byrd,) for the same burglary, and larceny; that he was convicted, and sentenced to ten years imprisonment in the Penitentiary.